# LEE LITIGATION GROUP, PLLC

143 W. 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:          212-465-1188
                          cklee@leelitigation.com

**Via ECF**

The Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> **APPLICATION GRANTED**
> **SO ORDERED** *[signature]*
> **VERNON S. BRODERICK**
> **U.S.D.J.** 10/31/2023
> The case is hereby STAYED pending the mediation. The parties shall file a joint letter to the Court concerning the outcome of the mediation by May 17, 2024. SO ORDERED.

                    Re:      *Walker et al v. Brosnan Risk Consultants, LTD.*
                             Case No.: 1:23-cv-03938

Dear Judge Broderick:

We are counsel to Plaintiff in the above-referenced case. We write, jointly with Defendant, to inform the Court that the parties have agreed to attempt class mediation and to request that the Court stay all proceedings, including Plaintiff's motion for collective certification (Dkt. 23-31).

After several discussions, the parties have agreed to engage in private mediation utilizing Michael Dickstein as mediator. The parties have scheduled this mediation for May 2, 2024, which is the earliest available date on Mr. Dickstein's calendar (the parties are also on Mr. Dickstein's waitlist to conduct a mediation on a potentially earlier date). The parties submit that the stay requested herein will promote the efficient use of resources in this case, as a successful mediation will avoid the unnecessary expenditure of resources by the parties and this Court on motion practice and discovery-related matters. The parties believe that Mr. Dickstein, who is an experienced and highly regarded mediator of complex FLSA cases, has the specific background the parties need to generate the best chance at a successful class settlement.

Additionally, the parties request that they report to the Court concerning the outcome of the mediation in a joint letter two weeks after the parties' mediation date. If the parties are unable to reach a resolution at mediation, the parties propose that they, with their joint letter, submit a new Scheduling Order with a new briefing schedule for Plaintiffs' motion for conditional collective certification.

As part of the agreement to mediation, the parties have agreed to toll the claims of putative collective members as of October 20, 2023.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.